# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VANESSA GLINSEY,

    Plaintiff,

v.                                                             Case No. 06-C-686

MICHAEL J. ASTRUE,[1]
 Commissioner
 of the Social Security Administration,

    Defendant.

# DECISION AND ORDER

## NATURE OF CASE

The plaintiff, Vanessa Glinsey, commenced this action on June 13, 2006, seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. § 405(g). (Docket #1). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General L.R. 73.1 (E.D. Wis.). The plaintiff's appeal will be addressed herein.

## PROCEDURAL HISTORY

On June 6, 2003, the plaintiff filed an application for SSI, alleging that she became disabled on April 1, 2003, due to multiple sclerosis which is affecting her right side. The

---

[1] The court has amended the caption to substitute Michael J. Astrue, Commissioner of the Social Security Administration, as the defendant in this case. On February 12, 2007, Michael J. Astrue became Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

plaintiff's application was denied initially and upon reconsideration. Pursuant to the plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on October 20, 2005. The plaintiff appeared pro se and testified. No other witnesses testified on her behalf.

In a March 29, 2006, decision, the ALJ found that the plaintiff has the following severe impairments: multiple sclerosis, right knee chondromalacia and a history of chronic low back pain, but that she does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920[d], 416.925 and 416.926). In making the finding, the ALJ stated that he considered all symptoms in accordance with the requirements of 20 C.F.R. § 416.929 and Social Security Rulings (SSR) 96-4 and 96-7p, as well as opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-2p, 96-5p and 96-6p.

The ALJ found that the plaintiff, who was 40 years of age on the alleged disability onset date and, therefore, is defined as a younger individual under the applicable regulations, is unable to perform past relevant work. Nevertheless, he found that the plaintiff has the residual functional capacity to perform sedentary work activity.

The ALJ found that, considering the plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform. Accordingly, the ALJ concluded that the plaintiff is not disabled. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied the plaintiff's request for review.

The history of this case is well summarized in the record. Consequently, the court will only engage in a limited discussion of the facts where relevant in this decision.

-2-

Case 2:06-cv-00686-PJG   Filed 01/22/08   Page 2 of 11   Document 27

## APPLICABLE LAW

The Social Security Act authorizes disability benefits for those who are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a plaintiff must demonstrate that her physical or mental impairments prevent her from doing not only her previous work, but any other substantial gainful employment which exists in the national economy considering her age, education, and work experience. 42 U.S.C. § 423 (d)(2)(A).

In order to determine whether a plaintiff is so disabled, the ALJ is required to evaluate in sequence: 1) whether the plaintiff is currently employed; 2) whether the plaintiff has a severe impairment; 3) whether his impairment meets or equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, which the Commissioner acknowledges to be conclusively disabling; 4) whether the plaintiff can perform her past relevant work; and 5) whether the plaintiff is capable of performing any other work existing in significant numbers in the national economy given her age, education and work experience. See Clifford v. Apfel, 227 F.3d 863, 868 (7th Cir. 2000); Knight v. Chater, 55 F.3d 309, 313 (7th Cir. 1995); Wolfe v. Shalala, 997 F.2d 321, 322-3 (7th Cir. 1993). If a plaintiff satisfies steps one, two and three, she will automatically be found disabled. If a plaintiff satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the Commissioner to establish that the plaintiff is capable of performing work in the national economy. Knight, 55 F.3d at 313. The plaintiff bears the burden at steps one through four, after which at step five, the burden shifts to the Commissioner. Briscoe v. Barnhart, 425 F.3d 345, 352 (7th Cir. 2005); Young v.

Barnhart, 362 F.3d 995, 1000 (7th Cir. 2004). The process is sequential, and if the ALJ can make a conclusive finding at any step that the plaintiff either is or is not disabled, then the ALJ need not progress to the next step. 20 C.F.R. § 404.1520(a)(4).

To expedite the carrying of this burden, the Commissioner has promulgated 20 C.F.R. Part 404, Subpart P, App. 2, the "Medical-Vocational Guidelines," commonly referred to as the "grid." The rules of the "grid" reflect the analysis of the various vocational factors (that is age, education and work experience) in combination with the individual's residual functional capacity (his or her maximum sustained work capability for sedentary, light, medium, heavy or very heavy work) in evaluating the individual's ability to engage in substantial gainful activity in other than his or her vocationally relevant past work.

Where the findings of fact, made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled. See Haynes v. Barnhart, 416 F.3d 621, 627 (7th Cir. 2005). However, each of these findings of fact is subject to rebuttal and the individual may present evidence to refute said findings. Where any of the findings of fact do not coincide exactly with the corresponding criteria of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled. Id. at 627-28.

Nonetheless, the Commissioner is permitted to conclude that a nonexertional limitation, while present, has no significant impact on an individual's capacity to perform the range of work she is otherwise exertionally capable of performing, making proper application of the grid. Caldarulo v. Bowen, 857 F.2d 410, 413 (7th Cir. 1988) (citing Smith v. Schweiker, 735 F.2d 267, 272 n.3 [7th Cir. 1984]). In any event, there must be reliable evidence of some kind which

-4-

would persuade a reasonable person that the limitations in question do not significantly diminish the employment opportunities otherwise available. Ehrhart v. Secretary of Health and Human Services, 969 F.2d 534, 540 (7th Cir. 1992) (citing Warmoth v. Bowen, 798 F.2d 1109, 1112 [7th Cir. 1986]).

Review of the Commissioner's decision is limited. Scheck v. Barnhart, 357 F.3d 697, 699 (7th Cir. 2004). The Social Security Act specifically provides that the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. Jones v. Shalala, 10 F.3d 522, 523 (7th Cir. 1993); see 42 U.S.C. § 405(g). "Although a mere scintilla of proof will not suffice to uphold an ALJ's findings, the substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Blakes v. Barnhart, 331 F.3d 565, 568 (7th Cir. 2003); see also, Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

In reviewing the decision of the Commissioner, this court is obligated to review all the evidence contained in the record and such review "must be more than an uncritical rubber stamp." Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986). This court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. Powers v. Apfel, 207 F.3d 431, 434 (7th Cir. 2000). However, even if substantial evidence supports the Commissioner's findings, this court may reverse if the ALJ committed an error of law. White v. Apfel, 167 F.3d 369, 373 (7th Cir. 1999).

## ANALYSIS

The plaintiff argues that remand is necessary on a number of grounds. First, the plaintiff maintains that remand is warranted because she did not make a valid waiver of her right to counsel in the proceedings before the ALJ and the ALJ failed to fulfill his duty to adequately

-5-

develop the record. She also claims that the ALJ failed to provide her with evidence he obtained after the hearing and thus, she was not given an opportunity to examine, respond to or rebut the evidence. Further, she contends that the incomplete record did not permit the ALJ properly to assess her credibility as required by Social Security Ruling (SSR) 96-7p. Next, she asserts that the ALJ did not inquire into her described psychiatric problems and failed to apply the "psychiatric review technique" required under SSR 96-8p. Finally, she states that the ALJ did not comply with SSR 96-8p in determining her residual functional capacity (RFC) at step five of the sequential evaluation process because his findings were based on an incomplete record.

"A claimant has a statutory right to counsel at a disability hearing." 42 U.S.C. § 406, 20 C.F.R. 404.1700; Binion v. Shalala, 13 F.3d 243, 245 (7th Cir. 1994). However, if the claimant is properly informed of the right, she may waive it. Binion, 13 F.3d at 245 (citing Thompson v. Sullivan, 933 F.2d 581, 584 (7th Cir. 1991). To ensure a valid waiver of counsel, the Court of Appeals for the Seventh Circuit requires an ALJ to explain to a pro se claimant:

> (1) the manner in which an attorney can aid in the proceedings; (2) the possibility of free counsel or a contingency arrangement; and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of those fees.

Skinner v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007); Binion, 13 F.3d at 245; Thompson, 933 F.2d at 584.

An invalid waiver of the right to counsel, however, only entitles the plaintiff to a remand if the ALJ failed to develop a full and fair record. Binion, 13 F.3d at 245; Henderson v. Barnhart, 205 F. Supp.2d 999, 1009 (E.D. Wis. 2002). Where a plaintiff is unassisted by counsel, the ALJ has a duty "scrupulously and conscientiously to probe into, inquire of, and explore for all the relevant facts." Binion, 13 F.3d at 245; Thompson, 933 F.2d at 585-86 (quoting Smith v.

-6-

Secretary of Health, Ed. and Welfare, 587 F.2d 857, 860 [7th Cir. 1978]). The ALJ's duty "is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence." Binion, 13 F.3d at 245. If a valid waiver is not obtained, the burden is on the Commissioner to show that the ALJ adequately developed the record. Skinner, 478 F.3d at 841 (citing Binion, 13 F.3d at 245). If the Commissioner meets his burden of proving that the record was developed fully and fairly, the plaintiff is given the opportunity to rebut this showing by "demonstrating prejudice or an evidentiary gap." Binion, 13 F.3d at 245.

Here, the Commissioner concedes that the plaintiff's waiver was invalid because the "ALJ did not specifically inform plaintiff that she may be able to obtain an attorney free of charge." (Memorandum in Support of Commissioner's Decision at 7 [citing Tr. 28-30]). As a result, the burden shifts to the Commissioner to show that the ALJ developed a full and fair record.

In Binion, the Court of Appeals for the Seventh Circuit determined that the defendant had satisfied her burden of establishing that the ALJ had fully and fairly developed the record. In that case, the ALJ obtained all of the medical and treatment records from plaintiff's treating physicians. 13 F.3d at 245. The court also concluded that during the "comprehensive" hearing, the ALJ received particularized statements from the plaintiff regarding her claim and he engaged in a detailed inquiry into the medical evidence in the plaintiff's file, her medication, pain, daily activities and her ability to perform various activities. Id.

In the instant case, the Commissioner has not met his burden. The hearing itself was very brief as it lasted only 34 minutes. Moreover, the ALJ's questions concerning the plaintiff's medical problems were almost perfunctory as demonstrated by the fact that of the nineteen-page transcript, only five and one-half pages were devoted to the ALJ's questions pertaining to the plaintiff's medical history, current problems and treatment. Numerous medical issues

-7-

referenced in the plaintiff's written submissions and at the hearing were never explored by the ALJ. For example, the ALJ never asked the plaintiff about her need to use her hands to pull herself up the stairs when her leg gives out or about her stress problems which caused her hair to fall out. (Tr. 58). The plaintiff testified at the hearing that she was taking "sleep medication," but the ALJ did not ask her specific questions about the medication, why such medication was needed or if it was related to her complaints about stress. (Tr. 41.) When the plaintiff testified at the hearing that her knee "goes down at any given moment" and that she "just recently fell because the knee went down," the ALJ merely responded, "Okay," and moved on to ask her whether she has chronic back pain. (Tr. 37).

The plaintiff's written submissions also reveal that she had experienced chest discomfort, shortness of breath and chest tightness, but the ALJ neglected to inquire into these problems. (Tr. 79). Further, the ALJ did not delve into the plaintiff's written complaints and her testimony that her right hand often gave out which prevented her from lifting objects such as pots or bags or her granddaughter. (Tr. 40 and 81-83). There was documentation in the plaintiff's file showing that she is unable to stoop and that in a 24-hour period, she is only able to sit for seven hours and stand for one hour. (Tr. 74-75). However, the ALJ did not inquire into these limitations.

The general question put to the plaintiff by the ALJ as to whether there was any reason she could not perform a job at a desk for eight hours can hardly be considered the type of probing questioning designed to elicit the type of particularized statements found to be sufficient in <u>Binion</u>. (Tr. 40). Moreover, the plaintiff's answer that nothing would prevent her from sitting for eight hours at a desk directly contradicted the medical limitations she described in her file, but the ALJ did not inquire into this apparent inconsistency. (Tr. 40).

-8-

The record was also deficient because the ALJ failed to obtain the treatment records of all of the plaintiff's treating physicians. The record includes the emergency room records from St. Joseph's Hospital in Milwaukee, Wisconsin, which treated the plaintiff on January 30, 2003, after she fell and injured her ankle. (Tr. 89-94). In addition, the record contains the medical records of Rizwanullah Arain, M.D., a neurologist who began treating the plaintiff on referral from Srinivas Bramhadevi, M.D. Included in Dr. Arain's records is information concerning the MRI and spinal tap that were performed on the plaintiff, as well as Dr. Arain's diagnosis of multiple sclerosis and related information concerning follow-up examinations (Tr. 118-124). The records also include the medical records of Austin J. Boyle, III, M.D., who, according to Dr. Arain's notes, treated the plaintiff for "right knee pain" and gave the plaintiff an injection sometime between February 16, 2005, and April 13, 2005. (Tr. 114). However, notably absent from the record are the medical records of Dr. Bramhadevi who treated the plaintiff prior to her diagnosis of multiple sclerosis and referred her to Dr. Arain. Also absent are the records relating to the plaintiff's visit to the South Shore Hospital emergency room in Chicago, Illinois, after she fell and chipped a bone in her foot sometime in 2002. (Tr. 97).

The record contains a report of a consultative examination performed by Dr. Donna Davidoff which had been ordered by the Social Security Administration. (Tr. 97-105). Yet, this examination was performed in August of 2003, which was almost two years prior to the plaintiff being diagnosed with multiple sclerosis. During the hearing, the ALJ recognized these deficiencies of the consultative report and stated that it "might be appropriate to send [the plaintiff] out for a new [examination]." However, he inexplicably failed to order a more recent consultative examination which took into account the plaintiff's diagnosis of multiple sclerosis.

-9-

In the areas that the ALJ did touch upon at the hearing, his questioning was far from probing. For instance, he did not ask follow-up questions about how the plaintiff's multiple sclerosis would impact her ability to work on a day-to-day basis, nor did he delve into the possible work effects of the plaintiff's sleeping and stress problems, use of a cane or the fact that she was prone to falling. The court believes that had plaintiff been represented by counsel, a more complete record on these issues surely would have been developed.

In attempting to meet his initial burden, the defendant argues that the plaintiff was not prejudiced by the invalid waiver as she has not pointed to specific facts that were not brought out by the ALJ at the hearing. The problem with the defendant's argument is that he has placed the pertinent burdens of proof backwards. Where, as here, the plaintiff's waiver of counsel is invalid, the burden of showing that the record has been fully developed shifts to the Commissioner. "The Commissioner cannot fulfill that burden by arguing that the *claimant* has not brought forth 'missing evidence.'" Henderson, 205 F. Supp.2d at 1011 (citing Young v. Apfel, 1999 WL 325206 at *9 (N.D. Ind. May 19, 1999). The plaintiff is only required to present such evidence after the Commissioner has met his burden. Binion, 13 F.3d at 245. The Commissioner has not done so in this case.

As a result, the plaintiff is entitled to have this case remanded for a rehearing and further development of the evidentiary record. Consequently, the court need not address the alternate grounds for remand advanced by the plaintiff.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's appeal be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the decision of the ALJ be and hereby is **vacated** and the case is **remanded** to the Commissioner of the Social Security Administration for rehearing and further development of the evidentiary record consistent with this decision.

**IT IS ALSO ORDERED** that the Clerk of Court be and hereby is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\SSM\Decisions\Glinsey final dec.wpd -11-

Case 2:06-cv-00686-PJG   Filed 01/22/08   Page 11 of 11   Document 27